# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| MAUI JIM, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-1169 |
| ) | |
| BARGAIN DEPOT ENTERPRISES, LLC ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is Plaintiff Maui Jim's Motion for Summary Judgment. For the reasons set forth below, the Motion [#23] is GRANTED IN PART and DENIED IN PART.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a), as it arises under an Act of Congress relating to patents, 35 U.S.C. § 1, *et seq*.

## BACKGROUND

Early in 2006, Plaintiff Maui Jim, Inc. ("Maui Jim") discovered that Defendant Bargain Depot Enterprises ("BDE") was selling sunglasses on its website under the name "Compare to Maui Jim 6601." These glasses allegedly infringed on Maui Jim's U.S. Design Patent No. D481,059 ("the '059 patent"). Maui Jim filed this action for patent infringement on June 28, 2006. BDE almost immediately ceased selling the "knock-offs."

The case is now before the Court on Plaintiff Maui Jim's Motion for Summary Judgment. The Motion seeks judgment on the liability issues of patent validity and infringement, and also seeks attorney fees under 35 U.S.C. § 285, which provides that in patent disputes, "The Court in

exceptional cases may award reasonable attorney fees to the prevailing party." In response to Maui Jim's Motion, BDE does not dispute the patent's validity or any of the liability issues, but disputes that this case is "exceptional" within the meaning of the statute, such that Maui Jim should be entitled to recover its attorney fees.

### I. The Settlement Attempts

Very early in the lawsuit, in July 2006, the parties apparently agreed to settlement terms. After negotiations, BDE counsel sent an email to Maui Jim counsel confirming that BDE had accepted the following terms: That BDE "does not contest Maui Jim's allegation of infringement and admits only that Maui Jim's patent is valid," and that BDE would remit to Maui Jim $250.00, representing the minimum amount Maui Jim could recover (by statute) under the circumstances of this case. Pl.'s Ex. 4.

On August 11, 2006, BDE returned to Maui Jim a check and a signed settlement agreement. However, BDE had drawn a line through the term that it "admits that the '059 patent is valid." Maui Jim immediately rejected the altered settlement agreement, stating that "it is unacceptable that [BDE] chose to manually mark up the agreement rather than signing it with the terms that had been agreed upon . . . ." Pl.'s Ex. 6.

BDE admits that it never intended to genuinely challenge the patent's validity. However, BDE claims that, upon a final review of the settlement clause requiring its admission that the '059 patent is valid, it realized that "it could not determine the actual validity of Maui Jim's patent, which required a judicial determination." Def.'s Resp. to Mtn for Summ. J., at 4. Without any citation to supporting authority, BDE has repeatedly taken the position that it was *unable* to stipulate to validity of the '059 patent because the patent's validity could only be determined by a court. For example, in its response to Maui Jim's Motion for Fees under Rule

2

37, BDE states, "[N]either Mr. Lindhart (BDE President), nor anyone else at BDE had any knowledge, actual or otherwise, regarding the validity of the '059 patent . . . . [V]alidity, to the extent it was an issue . . needed to be determined by the Court, not any party to the litigation."

During negotiations, BDE apparently proposed alternative settlement language, such as it "does not dispute the validity" of the patent, or "BDE, based on Maui Jim's filing of its patent, recognizes the validity of such patent." While Maui Jim characterizes BDE's conduct as "reneging" upon the already-agreed-upon terms of settlement, BDE characterizes the parties as still being in negotiation, and claims that it only sought proper clarification of its ability to attest to the validity of Maui Jim's patent. At oral argument, BDE counsel stated that BDE's president was "uncomfortable" with signing a stipulation agreement, "under penalty of perjury," in which he admitted that the patent was valid.

The parties apparently continued negotiating, and a November 2, 2006, email between counsel confirms that Maui Jim was still willing to settle for the original terms (admitting validity and not contesting infringement), but would now require payment of $2,000.00, to defray its rising legal costs. Maui Jim again made the same offer in writing on December 5, 2006.

In a February 2007 email from Maui Jim counsel to BDE counsel, Maui Jim stated that it does believe that wording such as "not disputing the validity of Maui Jim's '059 patent can be agreed upon, provided the other settlement facets can also be agreed upon." Def.'s Ex. A. Once again, Maui Jim sought additional monetary compensation because of its legal fees. *Id*.

An April 19, 2007, letter from Maui Jim counsel to BDE counsel states that Maui Jim was still willing to settle the case, but BDE must admit patent infringement and patent validity.

3

Maui Jim had apparently reversed its February 2007 position that it would entertain alternate wording regarding validity in exchange for increased monetary compensation.

In Maui Jim's view, it is the unreasonable and dilatory conduct of BDE that has forced the continued litigation. In BDE's view, BDE is the one that has been "trying to keep this $250 molehill from becoming a mountain," and Maui Jim is the one who has held the case hostage by insisting on recovering attorney fees that have been needlessly incurred. Def.'s Resp., at 8.

**II. Discovery Issues**

BDE did not timely file its Answer to the Complaint. Maui Jim sought and received an Order compelling them to do so in September 2006. In its Answer, BDE denied that it infringed the '059 patent, thus propelling the case forward. However, BDE does not now deny it infringed the patent.

BDE did not provide its Rule 26(a) disclosures by the date in the Court's scheduling order. It also failed to respond to Maui Jim's interrogatories and document requests on time. Maui Jim sought and received an Order compelling BDE to serve all outstanding discovery in January 2007.

Maui Jim moved, under Rule 37 of the Federal Rules of Civil Procedure, to recover its attorney fees in connection with discovery motions it filed. BDE argued that, while it did wait until the last minute to respond to discovery requests, settlement should have occurred long ago, and BDE should not have to compensate Maui Jim for needless litigation. Magistrate Judge Gorman denied Maui Jim's request for fees and costs, concluding that neither party was entirely without fault.

On March 27, 2007, Maui Jim filed the instant Motion for Summary Judgment. BDE timely responded, and Maui Jim has filed a reply. The Court heard oral argument from the parties on July 18, 2007. The matter is fully briefed, and this Order follows.

## STANDARD OF REVIEW

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 324. In other words, the non-moving party "must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v.*

*Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

## DISCUSSION

In its Motion for Summary Judgment, Maui Jim explicitly requests that the Court do the following five things:

(1) declare the '059 patent valid;

(2) declare that BDE infringed the patent;

(3) grant Maui Jim damages equal to the minimum statutory damages ($250);

(4) adjudge that BDE's bad faith and dilatory conduct makes this case exceptional under 35 U.S.C. § 285; and

(5) compensate Maui Jim by awarding it reasonable attorney fees incurred in prosecuting this matter after the date of the "reneged-upon settlement."

In its Response to the Motion for Summary Judgment, BDE has admitted all of the factual allegations related to (1), (2), and (3) above and concedes summary judgment on those points.

Courts have repeatedly stated that "[a]ll patents are valid when issued and courts have no power to declare them valid. All a court can do is find that a challenger has or has not shown a patent to be invalid." *Morton Int'l, Inc. v. Cardinal Chem. Co.*, 5 F.3d 1464, 1472 (Fed. Cir. 1993); *see also Panduit v. Dennison Mfg. Co.*, 810 F.2d 1561, 1569-70 (Fed. Cir. 1987) ("It is neither necessary nor appropriate for a court to declare a patent valid. A trial is required by Congress, 35 U.S.C. § 282…to say only whether the patent challenger carried its burden of

establishing invalidity in the particular case before the court.  When the burden has not been carried, a court need only so state.").

While the undisputed facts establish that Maui Jim is entitled to summary judgment with respect to BDE's liability for patent infringement, the Court declines to grant Maui Jim's precise request that the Court declare the '059 patent valid.  Instead, the Court holds (1) that BDE has failed to establish the invalidity of the '059 patent; (2) that BDE infringed the patent; and (3) that BDE shall pay Maui Jim its minimal statutory damages of $250.00.

Obviously, the real dispute here is Maui Jim's request for attorney fees incurred after the failed July 2006 settlement.  While the general rule that attorney fees are not allowed as a matter of course applies in patent cases, 35 U.S.C. § 285 provides, "The Court in exceptional cases may award reasonable attorney fees to the prevailing party."  A case may be deemed "exceptional" when there has been some material inappropriate conduct related to matter in litigation, such as willful infringement, misconduct in litigation, vexatious or unjustified delays, conduct that violates Rule 11, and the like.  *Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc*., 393 F.3d 1378 (Fed. Cir. 2005); *Rambus Inc. v. Infineon Technologies AG*, 318 F.3d 1081, 1106 (Fed. Cir. 2003).  Whether a case is "exceptional" for purposes of § 285 is dependent on the circumstances of each case, and a court's decision to grant attorney fees is largely discretionary.  *See In re Omeprazole Patent Litigation*, 483 F.3d 1364, 1375-76 (Fed. Cir. 2007); *Gentry Gallery, Inc. v. Berkline Corp*., 134 F.3d 1473, 1480 (Fed. Cir. 1998).  Courts usually find that there must be evidence of bad faith, fraud, gross negligence or unclean hands on the part of the losing party before it will award attorney fees to a prevailing party.  *Bruno Independent Living Aids, Inc. v. Acorn Mobility Services Ltd*., 277 F. Supp. 2d 965, 967 (W.D. Wis. 2003) (*aff'd* 394 F.3d 1348

(Fed. Cir. 2005)). "The amount of any such award may fall anywhere within a range of zero to full recovery." *IVAC Corp. v. Terumo Corp.*, 18 U.S.P.Q.2d 1637, 1637 (S.D. Cal. 1990).

The exceptional case inquiry is a two-step process: determining whether the case is exceptional and, if so, deciding whether to award attorney fees to the prevailing party. *Bruno Independent Living Aids*, 277 F. Supp. 2d at 967. "The second finding does not follow automatically from the first because the court retains discretion to award or withhold attorney fees even in exceptional cases." *Id*.

In its briefing, Maui Jim argues that, as the prevailing party, it is entitled to recover its attorney fees under § 285 primarily because (1) BDE "reneged" on its agreement to settlement terms, and continually refused to settle; and (2) BDE delayed "every aspect of discovery." Mtn. for Summ. J., at 14.

Under the circumstances of this case, the discovery delays alone would be insufficient to render this case "exceptional" for purposes of 35 U.S.C. § 285. BDE's delays, though certainly not excusable, were not egregious, nor is there evidence that they were fraudulent, motivated by bad faith, or were vexatious in nature. In the Court's view, the discovery delays are something of a "contributing factor" to the primary alleged misconduct: BDE's unwillingness to settle and stipulate to the validity of the '059 patent where BDE never intended to truly dispute the patent's validity or infringement.

The evidence submitted to the Court establishes that the parties did in fact reach a binding agreement to settle wherein BDE would admit to the patent's validity, admit that it infringed the patent, and would pay Maui Jim statutory damages of $250. BDE's subsequent conduct constitutes a breach of that agreement. Nowhere in any of the pleadings, nor in any of the correspondence between the attorneys that has been made part of the record, has BDE ever

cited any authority for its position that it is *unable* to admit to patent validity, and that only a court could declare a patent valid.  The Court has been unable to locate any case law or commentary that supports this litigation position.  BDE may have had tactical reasons why it did not *want* settle under the terms it initially agreed to, but as far as the Court can glean from the record before it, BDE fervently hid behind its insistence that it was legally *unable* to stipulate that the patent was valid, when common experience indicates that parties regularly stipulate to legal conclusions to settle lawsuits, including the conclusion that a patent is valid.  *See* John Gladstone Miller III *et al*, PATENT LAW FUNDAMENTALS § 20:107, *Consent judgments and settlement agreements* (2007) (commenting on patent consent decrees which stipulate to validity and infringement).  BDE's breach of the enforceable agreement to settle, together with its denial of infringement and repeated delays throughout discovery, render this case "exceptional" for the purposes of 35 U.S.C. § 285.

However, Maui Jim has not arrived at this Summary Judgment phase of the case with perfectly clean hands, either.  It is undisputed that early in the case, BDE made multiple offers to settle the case under alternatives to an outright of admission to validity, such as "BDE does not dispute the validity of the patent."  Maui Jim states in its Summary Judgment Reply brief that, "Money has never been the driving force for this lawsuit.  Maui Jim insisted on an admission of validity to make it more difficult for BDE to inexcusably knock off Maui Jim's patented design in the future, and to maintain consistency in Maui Jim's enforcement actions against other infringers that sell Maui Jim knock-offs."  Reply, ay 2.  With all due respect, perhaps monetary concerns should have been more of a driving force in this lawsuit.  After all, this once $250 dispute has ballooned to a multi-thousand dollar event, not unlike an ant giving birth to an elephant.  The Court is unconvinced that the competent counsel for Maui Jim could not have

9

derived some supplemental settlement language that would have permitted BDE to stipulate to something less than an admission of the patent's validity while still not "leaving the door open for BDE to infringe again." Reply, at 2. Perhaps even more significant is the fact that Maui Jim declined to bring what would surely have been a much more economical action to enforce the binding settlement agreement and instead chose to pursue this costly litigation.

The bottom line is that BDE's unwillingness to settle under the terms to which it had initially agreed, without any sound justification for its purported reason, combined with its discovery delays, renders this case "exceptional" for purposes of 35 U.S.C. § 285. The Court also finds that in the normal course of the case, Maui Jim could have minimized and mitigated its expenses. Because the Court does not wish to add further to the costs of this litigation by having Maui Jim submit its attorney billing statements and the determining what would be a "reasonable" award under the protracted circumstances of this case, the Court orders that BDE shall remit to Maui Jim $5,000.00 as a partial award of attorney fees. As the prevailing party, Maui Jim is also entitled to recover its costs, pursuant to Rule 54(d).

## CONCLUSION

For the above reasons, Maui Jim's Motion for Summary Judgment [#21] is GRANTED IN PART and DENIED IN PART. This matter is now TERMINATED.

ENTERED this 30th day of July, 2007.

                                                               s/ Michael M. Mihm
                                                               Michael M. Mihm
                                                               United States District Judge